# Mamula, Appellant, *v.* McDonald.

*Contract—Contemporaneous parol agreement — Deed — Vendor and vendee—Removal of road.*

In an action by a vendee of land against a vendor to recover damages for the breach of a contemporaneous collateral agreement which induced the plaintiffs to enter into the contract to purchase, the plaintiffs are entitled to have a judgment entered upon a verdict in their favor, where it appears that they bought the land according to a plan of lots showing a new street made out in front of the lot; that when they looked at the land before the agreement was signed they found it was cut by a road or way of some width; that defendant told them that the way was a private one under his control, and that he would have it closed up as soon as a sewer, then being constructed was finished; that he made the same promise when the deed was delivered; and that it turned out that the road was a public one which had never been opened to its full width, but which the township authorities could at any time lawfully open to that extent.

Argued May 12, 1915.  Appeal, No. 123, April T., 1915, by plaintiffs, from judgment of C. P. Beaver Co., June T., 1913, No. 182, for defendant n. o. v. in case of Avre Mamula, et al., v. Albert L. McDonald.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Reversed.

Assumpsit for breach of a parol agreement.  Before HOLT, P. J.

At the trial the jury returned a verdict for plaintiff for $469.80.  The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*F. G. Moorhead,* with him *W. D. Craig, John G. Marshall,* for appellants, cited: Gandy v. Weckerly, 220 Pa. 285; Werner v. Pen Argyl Imp. Co., 133 Pa. 457.

*David K. Cooper,* with him *Robert Ritchie,* for appellee.

OPINION BY HEAD, J., March 1, 1916:

The defendant was the owner of a small tract of land known as "McDonald hollow" in Beaver County.  He laid it out in a plan of lots.  He entered into negotiations with the plaintiffs for the sale and purchase of one of these lots and these negotiations resulted in an executory agreement for such purchase and sale at a price and on terms satisfactory to the parties.  When the plaintiffs went to look at the lot before the agreement was signed, they found it was cut by a road or way apparently about twelve feet in width.  The defendant's plan showed a wide, new street, laid out in front of the lot they proposed to buy.  The defendant at that time was laying a sewer along the course of said street.  When the plaintiffs made inquiry as to the character of the old road or

way which ran quite close to the buildings on the lot, their statement avers and their proof establishes they were told by the defendant the way was a private one under his control and he would have it closed up as soon as the sewer was finished and the new street opened for travel. They aver, and the testimony supports the averment, that it was on the strength of this undertaking on the part of the defendant they finally concluded to sign the agreement and that without it they would not have considered the purchase of the lot. They testify further that this promise was repeated at the time the agreement was actually signed and again when the deed was delivered after they had complied with their part of the contract. Later on it turned out the way in question was a public road which had never been opened to its full width, but which the township authorities could at any time lawfully open to that extent.

The defendant, having failed to perform what he had undertaken to do in this respect, the plaintiffs were left with a property subject to an easement of way over it which might carry it right to their door, if indeed it would not result in the destruction of a portion of their building. They thereupon brought this action to recover damages for the breach of the contemporaneous collateral agreement which induced them to enter into their contract of purchase. The defendant contented himself, in his affidavit of defense, with a simple denial that he had ever made any such agreement and the case went to trial. The controlling question of fact was submitted to the jury by the learned trial judge in a charge which held the plaintiffs to strict proof of the collateral agreement and its effect in inducing them to sign the written contract. Of the charge in this respect, the defendant has no cause to complain. The jury were further instructed that if, observing the required standard of proof laid down, they found for the plaintiffs, their measure of damages would be the difference in the market value of the lot as the defendant had agreed to convey it to them

and its value subject to the easement of the public road. The jury found a verdict in favor of the plaintiffs. Thereafter the learned trial judge entered judgment for the defendant n. o. v. without filing any opinion or indicating any reason on which his action was based. The motion for such judgment alleges no specific reasons why the verdict should be set aside. We must therefore grope our way through the record to discover, if we can, what reason prompted the action of the trial judge.

The testimony supporting the collateral promise of the defendant is ample, both in quantity and quality, to support the finding by the jury that such promise was actually made. That it was a material element in the transaction would scarcely be denied. It does not contradict or tend to contradict anything contained either in the executory agreement or in the deed. The plaintiffs agree the deed conveyed to them by proper metes and bounds the lot of ground they undertook to buy. It correctly sets forth the amount of the purchase-money they were to pay. Their contention is the defendant promised and agreed, as part of the consideration moving from him, to do a collateral thing, without the doing of which they would not have agreed to pay the price. In a word, their contention is that there has been a partial failure of the consideration moving to them.

It is true that Pennsylvania stands nearly, if not quite, alone in the attitude long taken by her courts on the question of the admissibility of proof of such collateral agreement under circumstances like those existing here. But it is too late to question the fact that has been repeatedly proclaimed in a long line of decisions. There is no occasion to cite them here, as they are familiar to the profession. The jury has found that the lot which the plaintiffs got by virtue of their deed was worth the amount of the verdict less than its value would have been had the defendant made good his collateral promise to have the road closed.

We can discover no principle, declared by the law or

resting on reason or natural justice, why the defendant should not be required to compensate the plaintiffs for his breach of an agreement which induced them to enter into the contract to purchase the lot. We are of opinion the learned judge fell into error in entering judgment n. o. v. for the defendant, and we must therefore sustain the assignment of error.

Judgment reversed and the record now remitted to the court below with direction to enter judgment for the plaintiffs on the verdict.